J-S37043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAHALIL J. BELL | : | |
| | : | |
| Appellant | : | No. 100 EDA 2024 |

Appeal from the Judgment of Sentence Entered November 17, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0000009-2022

BEFORE:  BOWES, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                **FILED DECEMBER 24, 2024**

Kahalil J. Bell ("Bell") appeals from the judgment of sentence following his open guilty plea to third-degree murder, aggravated assault, and possession of a firearm prohibited.[1]  For the reasons discussed below, we affirm.

In August 2023, Bell entered an open guilty plea to the above charges. The charges arose after Bell engaged in a verbal spat with two men in a store. *See* Trial Court Opinion, 2/5/24, at 2.  After the men left the store, Bell followed them for several blocks before drawing a gun and shooting them. *See id*.  One man died and the other was injured.  *See id*.  Following receipt of a pre-sentence investigation report ("PSI"), the trial court sentenced Bell to an aggregate sentence of nineteen-and-one-half to forty-four years in

_____

[1] *See* 18 Pa.C.S.A. §§ 2502(c), 2702(a)(1), 6105(a)(1).

prison: a standard-range sentence for third-degree murder of seventeen-and-one-half to forty years, and consecutive below-the-guidelines sentences of twelve to twenty-four months for aggravated assault and possession of a firearm prohibited.

Bell filed a timely post-sentence motion, in which he acknowledged his sentence was neither "improper" nor "unlawful."  Motion for Modification of Sentence, 11/27/23, at 2.  Bell further admitted "[n]o new facts[] nor legal issues are being pleaded within this [m]otion."  *Id*.  Bell also maintained he was not "dissatisf[ied]" with the sentence and understood the sentencing guidelines.  *Id*.  However, Bell asked for "an opportunity" to have his mother offer character testimony.[2]  *See id*.  Before the trial court ruled on the motion, Bell filed a notice of appeal.  In January 2024, the trial court denied Bell's post-sentence motion.[3]

Bell raises two questions for our review:

1)    Whether the trial court abused its discretion in sentencing [Bell] without acknowledging the contents of the [PSI]?

2)    Whether the trial court abused its discretion in denying [Bell's] motion for modification of sentence without a hearing?

_____

[2] The record reflects Bell submitted written character references prior to sentencing but did not seek to present any witnesses at the sentencing hearing.  *See* N.T., 11/17/23, at 3.

[3] Bell's premature appeal does not preclude our review of his claim. Pennsylvania Rule of Appellate Procedure 905(a)(5), provides, "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."  Bell and the trial court complied with Pa.R.A.P. 1925.

Bell's Brief at v. (capitalization standardized, paragraph indentation altered).

In his first issue, Bell challenges the discretionary aspects of his sentence. *See* Bell's Brief at 5-11. There is no absolute right to challenge the discretionary aspects of a sentence. *See Commonwealth v. Hill*, 66 A.3d 359, 363 (Pa. Super. 2013). Before reaching the merits of a discretionary sentencing claim, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329–30 (Pa. Super. 2013) (citation omitted).

Although Bell filed a timely post-sentence motion for reconsideration of sentence, he never claimed, as he does instantly,[4] that his sentence was excessive because of its consecutive nature or that the trial court failed to consider mitigating factors. *See* Motion for Modification of Sentence, 11/27/23, at 2. Instead, as discussed above, Bell sought "an opportunity" for his mother to provide character testimony. *Id*.

_____

[4] In his argument, Bell abandons the claim raised in his statement of the questions that the trial court did not acknowledge the PSI. *See* Bell's Brief at v., 7. He instead argues the sentence was excessive and claims "[a]lthough the trial court purported to have reviewed the [PSI], the substance of the report was clearly ignored[.]" *Id*. at 8.

- 3 -

An appellant waives a challenge to the discretionary aspects of sentence not raised in a post-sentence motion and may not raise it for the first time on appeal. **See Commonwealth v. Lawrence**, 313 A.3d 265, 284 (Pa. Super. 2024) (finding claim waived where appellant did not raise it in a post-sentence motion). Bell raised this issue for the first time in his Rule 1925(b) statement. **See** Rule 1925(b) Statement, 1/5/24, at 1 (unnumbered). Issues raised for the first time in a Rule 1925(b) statement are waived. **See Lawrence, id; see also** Pa.R.A.P. 302(a). Because Bell did not raise the specific challenge raised in the instant appeal in his post-sentence motion and raised it for the first time in his Rule 1925(b) statement, he waived it and is therefore due no relief.

Moreover, Bell has not included a Pa.R.A.P. 2119(f) statement in his brief. **See** Bell's Brief at 4-11. When challenging the discretionary aspects of sentence, "an appellant must include in his or her brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Griffin**, 149 A.3d 349, 353 (Pa. Super. 2016) (citation omitted). "Where an appellant fails to comply with Pa.R.A.P. 2119(f) and the Commonwealth objects, the issue is waived for purposes of review." **Commonwealth v. Montgomery**, 861 A.2d 304, 308 (Pa. Super. 2004). In this case, the Commonwealth objected to Bell's failure to adhere to our rules requiring inclusion of a Rule 2119(f) statement in his appellate brief. **See**

Commonwealth's Brief at 5. Bell's sentencing claim is thus unreviewable on appeal.[5]

In his second issue, Bell contends the trial court erred in failing to hold a hearing on his post-sentence motion. *See* Bell's Brief at 11-14. We are constrained to find Bell waived this claim. Bell did not raise this claim in his Rule 1925(b) statement. There, he contended incorrectly, the trial court refused to allow him to present character witnesses at the sentencing hearing. *See* Rule 1925(b) Statement, 1/5/24, at 1 (unnumbered). Claims not raised in a Rule 1925(b) statement are waived. *See* Pa.R.A.P. 1925(b)(4)(vii); *see also Commonwealth v. Given*, 244 A.3d 508, 510 (Pa. Super. 2020).

Accordingly, for the reasons discussed above, we affirm the judgment of sentence.

Judgment of sentence affirmed.

_____

[5] Even if the claim were reviewable, it would lack merit. Where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. *See Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010). Further, "the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court, and a challenge to the imposition of consecutive sentences simply does not raise a substantial question." *Commonwealth v. Lloyd*, 878 A.2d 867, 873 (Pa. Super. 2005) (citations omitted). Lastly, when the trial court has had the benefit of a PSI, we "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). Thus, even if preserved, Bell's discretionary aspects of sentencing claim would not merit relief.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/24/2024